UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Nicolas and Jill Bosonetto

     v.                        Civil No. 12-cv-277-JL

Town of Richmond *et al.*

**SUMMARY ORDER**

Plaintiffs Nicolas and Jill Bosonetto, proceeding pro se, sued the Town of Richmond, one of its former selectmen, and a former member of its Zoning Board of Adjustment ("ZBA"), claiming that their refusal to grant the Bosonettos a building permit violated the Bossonettos' rights under the United States Constitution, and seeking monetary and injunctive relief under 42 U.S.C. § 1983. Specifically, the Bosonettos claim that the defendants' actions violated the First Amendment (insofar as the defendants allegedly acted in retaliation for the Bosonettos' public support of a local church involved in its own dispute with the Town), the takings clause of the Fifth Amendment, and the Due Process and Equal Protection clauses of the Fourteenth Amendment. They also claim that the defendants' actions were the product of a conspiracy in violation of 42 U.S.C. § 1985.

This court previously granted the defendants' motion for judgment on the pleadings, see Fed. R. Civ. P. 12(c), ruling

that, because the state Superior Court had entered judgment against the Bosonettos in their prior action challenging the Town's refusal to grant the permit, and the New Hampshire Supreme Court later affirmed that result, all of their claims here were barred by res judicata. Bosonetto v. Town of Richmond, 2013 DNH 080 ("Dismissal Order"). This court therefore ordered judgment for the defendants. Id.

The Bosonettos have now moved to alter or amend the judgment, see Fed. R. Civ. P. 59(e), arguing that this court erred in its application of res judicata. New Hampshire's version of that doctrine "bars the relitigation of any issue that was, or might have been, raised in respect to the subject matter of the prior litigation." Grossman v. Murray, 141 N.H. 265, 269 (1996) (quotation marks omitted). The Bosonettos argue that they could not have raised any of their federal claims in the state court because the underlying constitutional violations were not complete--and, therefore, the Bosonettos' federal claims were not ripe--until the state courts themselves denied the Bosonettos relief from the defendants' refusal to issue the building permit. The Bosonettos' motion to amend the judgment on this basis is denied for two independent reasons.

First, the Bosonettos did not raise this argument in either their objection to the defendants' motion for judgment on the

pleadings, nor at oral argument on that motion.  "A Rule 59(e) motion should not . . . raise arguments which could, and should, have been made before judgment issued." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).  The Bosonettos make no effort to show why, despite this prohibition, they should be permitted to raise an argument for the first time by way of their Rule 59(e) motion.

Second, the Bosonettos' untimely argument does not support lifting the judgment against them, in any event.  The Bosonettos rely on a decision by the Court of Appeals, Marek v. Rhode Island, 702 F.3d 650 (1st Cir. 2012), applying the Supreme Court's decision in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). As Marek explains, Williamson County holds that, "[f]or a takings claim to be ripe, prior state administrative and/or judicial processes not only must have wrought a taking of particular property but also must have established the sovereign's refusal to provide just compensation for the property taken." 702 F.3d at 653.  Thus, the Bosonettos argue, their federal claims arising out of the denial of their building permit were not ripe until the state courts rejected their state claims arising out of the denial of their building permit--with the result that, for res

judicata purposes, they could not have brought their federal claims as part of the state-court lawsuit.

As an initial matter, though, the holding of Williamson County, by its express terms, applies only to claims for "deprivation of property without due process under the Fourteenth Amendment" or for "taking under the Just Compensation Clause of the Fifth Amendment." 473 U.S. at 200 (footnote omitted). But, as noted at the outset, the Bosonettos also complain that the Town's denial of their building permit violated a number of other constitutional provisions, including the First Amendment and the equal protection clause of the Fourteenth Amendment, as well as that the denial was part of a conspiracy in violation of 42 U.S.C. § 1985. Yet the Bosonettos provide no authority, or developed argument, for the notion that those federal claims did not become ripe until the state courts rejected their claims challenging the denial under state law. To the contrary, "[i]n actions challenging the denial or revocation of a license or permit, the claim typically is held to accrue when the plaintiff either knows or should have known of the denial or the revocation," 2 Joseph G. Cook & John L. Sobieski, Civil Rights Actions § 4.02[B][1], at 4-41 (1983 & 2012 supp.) (footnote omitted), and this rule applies "despite the availability of a state appeals process." Kelly v. City of Chicago, 4 F.3d 509,

4

512 (7th Cir. 1993).  The court disagrees with the Bosonettos,
then, that they could not have brought their First Amendment,
equal protection, and § 1985 claims arising out of the denial of
their building permit until the state courts had rejected their
claims that the denial violated state law.

The court agrees with the Bosonettos that they could not
have brought their Fifth Amendment taking and Fourteenth
Amendment due process claims as part of their state-court
lawsuit, because, at that point, they had not yet been denied
compensation for the taking of their property allegedly effected
by the denial of the permit.  But that does not entitle the
Bosonettos to relief under Rule 59(e) even as to those claims
because (despite their assertion to the contrary) they did not,
in fact, seek such compensation as part of the state-court suit.
So, while their federal constitutional claims were not ripe at
the outset of the state-court litigation, they are no riper now.

To present a ripe claim for the deprivation of property
under either the Fifth or the Fourteenth Amendment, a plaintiff
must have "run the gamut of state-court litigation in search of
just compensation."  Marek, 702 F.3d at 653.  This condition,
"sometimes referred to as the 'state litigation' requirement,"
generally requires the plaintiff bringing a "regulatory takings"

claim to have either "pursued an inverse condemnation proceeding [or] shown that it was 'unavailable or inadequate.'" Downing/ Salt Pond Partners, L.P. v. Rhode Island, 643 F.3d 16, 22 (1st Cir. 2011) (quoting Williamson County, 473 U.S. at 196-97).

The Bosonettos assert that, in their state-court action, they brought such an "inverse condemnation" claim, but that the court "refused to make findings on the merits of it" (emphasis omitted).  In fact, the Bosonettos' state-court suit did not include any claim for "inverse condemnation."  Under New Hampshire law, "inverse condemnation" is a property owner's "cause of action for compensation" triggered "when a governmental body takes property in fact but does not formally exercise the power of eminent domain." J.K.S. Realty, LLC v. City of Nashua, 164 N.H. 228, 234 (2012).  The Bosonettos claimed in their state-court petition that the statute the Town invoked in denying the permit, N.H. Rev. Stat. § 674:41 (restricting the issuance of building permits for lots accessible only by private road), violated the New Hampshire Constitution as applied to their situation.  They did, however, not seek compensation on that (or any other) basis.  Their petition sought solely declaratory and equitable relief.  So the Bosonettos have not "run the gamut of state-court litigation in search of just compensation," as required to state a claim that the Town's denial of the building

6

permit violated the Fifth Amendment.[1]   Marek, 702 F.3d at 653
(emphasis added).

It follows that, although the Bosonettos could not have
brought their takings and due process claims in their state-court
action challenging the Town's denial of their building permit,
they have failed to state any such claims in this action, because
they did not seek--and thus have not been denied--compensation
for the alleged regulatory taking of their property.  So, even if
the Bosonettos are correct that preclusive effect of the state-
court judgments does not extend to their takings and due process
claims, this court's judgment dismissing those claims was still
correct.[2]   See Fed. R. Civ. P. 12(b)(6).

---

[1]Nor have the Bosonettos shown, or even asserted, that
remedies under New Hampshire's inverse condemnation procedures
are "unavailable" or "inadequate."  Such an argument would fail
in any event:  the New Hampshire Constitution, like its federal
counterpart, prohibits the taking of private property for public
use without just compensation, N.H. Const. Pt. 1, Art. 12, and,
as already discussed, New Hampshire law recognizes inverse
condemnation claims, see, e.g., J.K.S. Realty, 164 N.H. at 234.
It follows that New Hampshire's inverse condemnation procedures
are not "unavailable" or "inadequate."  See Downing/Salt Pond
Partners, 643 F.3d at 22 (reaching the same conclusion as to
Rhode Island's similar inverse condemnation law).

[2]The Bosonettos do not argue that their takings and due
process claims should have been dismissed without prejudice so
that they may pursue compensation in state court.  But that
argument, too, would be unavailing.  Under New Hampshire law, a
final judgment rejecting a plaintiff's appeal from a local land
use decision precludes any future inverse condemnation claim
arising out of the same decision.  See Kalil v. Town of Dummer

Finally, the Bosonettos complain that "[t]here are two facts which [this] court's decision misrepresents," though they concede that "these facts [did] not affect the decision." This court, however, did not "misrepresent" any fact, material to the decision or otherwise.

First, the Bosonettos fault the court for taking them to assert that "the Town Clerk was in any way responsible for the false instructions" they say they received as to how to seek reconsideration of the ZBA's decision. Instead, they explain, they attribute this to "the Secretary" who "simply dispensed pre-written instructions." The Bosonettos' amended complaint, however, blames the "false information" on "the Town," and the New Hampshire Supreme Court identified the culprit more specifically as "a Town clerk." Bosonetto v. Town of Richmond, 163 N.H. 736, 740 (2012). Moreover, this court specifically noted that the Bosonettos "do not allege that the Town Clerk was

---

Zoning Bd. of Adjustment, 159 N.H. 725, 731 (2010). So the Bosonettos would not be able to return to state court to bring an inverse condemnation claim against the Town since, as just discussed, they failed to bring such a claim as part of their earlier state-court lawsuit. The Bosonettos have thus forfeited their federal takings and due process claims. See Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 95-96 (1st Cir. 2003) (affirming dismissal of takings claim by plaintiff who had never properly asserted inverse condemnation claim in state court because "[l]itigants who neglect or disdain their state remedies are out of court, period") (quotation marks omitted).

part of [the alleged] conspiracy, and that they attributed his
erroneous advice solely to incompetence," Dismissal Order at 9
n.2, which is indeed what Mr. Bosonetto told this court at oral
argument.  So this court did not "misrepresent" the Bosonettos'
articulated position as to the role of the Town Clerk (including
his or her office staff) in providing the erroneous instructions.

Second, the Bosonettos charge that this court went along
with the defendants when they "intentionally and knowingly
misrepresented the facts" as to when a lawsuit in Superior Court
between their church and the Town concluded.  It was not, the
Bosonettos say, in October 2009, as this court stated, Dismissal
Order at 13 n.4, which was in fact simply the date of a partial
summary judgment order.  But the Bosonettos themselves alleged in
their amended complaint that the Superior Court found in favor of
the plaintiff there in October 2009, so the notion that the
lawsuit concluded on that date can hardly be called a
"misrepresentation," even if, as the Bosonettos now assert,
"[t]he case itself was not settled until June 2010."  In any
event, none of that makes any difference, because (among other
things) the fact remains that the Bosonettos knew of the evidence
they say was revealed in that lawsuit--and which, they also say,
revealed the existence of a conspiracy among certain Town
officials against the church and its members--before the Superior

9

Court entered judgment against the Bosonettos in their own case against the Town.  Id.  It was that aspect of the chronology on which this court relied in ruling that allegedly "new evidence" did not relieve the Bosonettos of the res judicata effect of the state-court judgment.  Id.

For the foregoing reasons, the Bosonettos' motion to alter or amend the judgment (document no. 35) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 16, 2013

cc:  Nicolas Bosonetto, pro se
     Jill Bosonetto, pro se
     Daniel J. Mullen, Esq.
     John T. Alexander, Esq.